UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

MARC JOHN, an Individual,

    Plaintiff,

-vs-

VOICENT COMMUNICATIONS, INC.,
a California Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARC JOHN, an Individual (hereinafter "Plaintiff") sues Defendant, VOICENT COMMUNICATIONS, INC., a California Corporation (hereinafter "Defendant") for violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") and in support thereof states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a natural person and citizen of the State of Florida, residing in Broward County, Florida.

2. Upon information and belief, Defendant is a California corporation with its principal place of business at 2665 Marine Way, Mountain View, California 94043.

3. This Court has federal question jurisdiction because this case arises out of violations of federal laws: 28 U.S.C. § 1331 and 47 U.S.C. §227(b). *See* Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740 (2012).

4. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 18 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Florida and Plaintiff is a resident of Broward County, Florida, which falls within the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. At all times material hereto, Plaintiff was a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant began placing autodialed and/or prerecorded calls to Plaintiff's cellular phone on or about November 2015.

7. Plaintiff did and has not consented to Defendant's automated calls to his cellular phone.

8. Under the TCPA, the burden is on Defendant to demonstrate that Plaintiff provided his prior express consent within the meaning of the statute.

9. Despite never having given consent, Plaintiff, on or about November 11, 2015, expressly demanded that Defendant cease, desist, and never again contact Plaintiff on his cellular phone.

10. After Plaintiff's demand that Defendant cease and desist all autodialed calls to his cellular phone, Defendant has placed approximately four hundred and fifty (450), additional autodialed and/or prerecorded phone calls to Plaintiff on his cellular phone, and left approximately four hundred and fifty (450) pre-recorded voicemails.

11. Despite Plaintiff's demand to stop all calls to his cellular phone, Defendant continues to call.

12. Defendant placed the calls from a restricted phone number, and left voicemails directing Plaintiff to www.voicent.com.

13. Plaintiff is informed, believes, and based thereon alleges that all phone contact by Defendant to Plaintiff on his cellular phone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

14. None of Defendant's phone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

[1486950/4]                  2

15. Defendant's telephone calls to Plaintiff's cellular phone, which were placed through the use of an "artificial or prerecorded voice," or through an "automatic telephone dialing system" for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

16. Upon information and belief, Plaintiff's experience is typical of that of other Defendant's customers, and that Defendant maintains a coordinated program of calling customers using an "automatic telephone dialing system" and/or "an artificial or prerecorded voice."

17. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

18. Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 17.

19. Defendant, or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellular phone using an automatic telephone dialing system, and/or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

20. Defendant continued and continues to make such calls despite never having prior express consent and despite Plaintiff's demand to stop.

21. Defendant willfully or knowingly violated the TCPA.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

1. $500.00 dollars in statutory damages for each violation of the TCPA;

2. $1,500.00 dollars in statutory damages for each knowing, or willful, violation of the TCPA;

3. a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;

4. a permanent injunction prohibiting Defendant from placing non-emergency phone calls to

Plaintiff's cellular phone using an automatic telephone dialing system, or pre-recorded and/or artificial voice;

5. attorney's fees and litigation costs; and

6. such other or further relief as the Court deems proper.

## JURY TRIAL REQUEST

Plaintiff respectfully requests a jury trial on all issues so triable.

**Dated this 1 day of January, 2016.**

Respectfully Submitted,

ZEBERSKY PAYNE, LLP
*Counsel for Plaintiff*
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email: jshaw@zpllp.com
Tertiary E-mail:   mperez@zpllp.com

By_____
**JORDAN A. SHAW, ESQ.**
Florida Bar No. 111771